**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

RECEIVED
11/16/2026
KELLY L. STEPHENS, Clerk

**No. 26-1329**
**No. 26-2014**

RODERICK WRIGHT,
Plaintiff-Appellant,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,
Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Michigan
No. 1:25-cv-01367 (Hon. Paul L. Maloney)

**APPELLANT'S MOTION TO CONSOLIDATE APPEALS**
**NOS. 26-1329 AND 26-2014**
(Fed. R. App. P. 3(b)(2))

Plaintiff-Appellant Roderick Wright, pro se, moves to consolidate No. 26-1329 with No. 26-2014. Both are his appeals. Both are against the same appellee, from the same district court case, decided by the same district judge. The order under review in No. 26-1329 is designated again in the notice of appeal in No. 26-2014. One panel should decide both.

## I. THE TWO APPEALS

1. No. 26-1329. On April 6, 2026, the district court denied Appellant's motion for a preliminary injunction (Order Denying Preliminary Injunction, RE 65, Page ID # 704–709). Appellant filed his notice of appeal the same day (Notice of

Appeal, RE 66). That appeal is fully briefed: Appellant's brief (Doc. 16), ASHA's brief (Doc. 24, filed August 17, 2026), and Appellant's reply brief (filed September 10, 2026).

2. No. 26-2014. On November 6, 2026, the district court adopted the magistrate judge's report and recommendation, granted ASHA's motion for summary judgment, and entered judgment (Order Adopting R&R, RE 104, Page ID # 2878–2884; Judgment, RE 105, Page ID # 2885). Appellant filed a timely notice of appeal on November 12, 2026 (Notice of Appeal, RE 106, Page ID # 2886–2887). This Court docketed it on November 13, 2026 as No. 26-2014.

3. The notice of appeal in No. 26-2014 names the order under review in No. 26-1329. It appeals from the judgment and from "the Order Denying Objection and Order Adopting Report and Recommendation entered on April 6, 2026, which denied Plaintiff's Motion for Preliminary Injunction (ECF No. 65)" (Notice of Appeal, RE 106, Page ID # 2887).

## II. WHY THE APPEALS SHOULD BE CONSOLIDATED

4. "When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2). Both notices were timely. The first notice (RE 66) was filed the day the order denying the preliminary injunction (RE 65) was entered. The second notice (RE 106) was filed six days after the judgment.

5. The same order, RE 65, is before this Court twice. A notice of appeal "encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order." Fed. R. App. P. 3(c)(4).

6. Both appeals turn on the same disputed fact: the start date of Appellant's Clinical Fellowship. The report and recommendation adopted in that order recited ASHA's false argument that Appellant "did not have the required clinical fellowship experience necessary to obtain a Certificate of Clinical Competence," and stated: "The undersigned agrees with this point." (Report and Recommendation on Preliminary Injunction, RE 55, Page ID # 587; adopted, Order Denying Preliminary Injunction, RE 65.) ASHA's own portal shows the opposite: a requirement of "1260 hours over 36 weeks," and 1,450 hours over 58 weeks reported and verified by his mentor of record (ASHA Portal Report, RE 86-9, Page ID # 2454–2455). ASHA awarded the certificate on the experience it later told the district court he did not have (ASHA's Responses to Requests for Admission, RE 77, Page ID # 864–865; ASHA's Response to Preliminary Injunction Motion, RE 38, Page ID # 410). The magistrate judge had been shown the portal screenshots. Appellant's reply attached them and stated: "ASHA accepted Plaintiff's reported weeks and hours as meeting CF requirements when it granted his CCC." (Reply in Support of Preliminary Injunction, RE 42, Page ID # 457; Portal Screenshots, RE 42-4, Page ID # 475–476.) Summary judgment was

then entered on that same disputed fact, the start date, after ASHA told the district court that "the CF initiation date is genuinely disputed" (ASHA's Response to Rule 56(g) Motion, RE 95, Page ID # 2664), and after the district court wrote that "the parties dispute various facts (e.g., Plaintiff' [sic] start date)" (Order Adopting R&R, RE 104, Page ID # 2883).

7. The record in No. 26-1329 is part of the record in No. 26-2014. Two panels reviewing the same order would duplicate the work and risk inconsistent rulings on the same disputed fact. One panel deciding both appeals avoids both problems.

8. Consolidation prejudices no one. No. 26-1329 is fully briefed, and its briefs can stand as filed. No briefing schedule has issued in No. 26-2014.

## III. ALTERNATIVE REQUEST

9. The controversy remains live. ASHA kept its finding about Appellant, which rests on false facts, published after the six-month period ASHA set had ended: its public verification page listed him as "Not Certified" with "past public Board of Ethics history" (Verification Page Capture, RE 92-2, Page ID # 2606, captured July 21, 2026). The final judgment did not end that harm. It merged the order denying the preliminary injunction into the judgment now on appeal in No. 26-2014. If the Court nevertheless concludes that No. 26-1329 should not proceed as a separate appeal, Appellant asks that any order dismissing it state that the

dismissal is without prejudice to review, in No. 26-2014, of the order denying the preliminary injunction (RE 65) and every other order designated in the notice of appeal (Notice of Appeal, RE 106).

## IV. RELIEF REQUESTED

Appellant asks the Court to:

(a) consolidate Nos. 26-1329 and 26-2014 for briefing, submission, and decision by one panel;

(b) order that the briefs already filed in No. 26-1329 stand as filed and be considered with the briefs in No. 26-2014; and

(c) in the alternative, grant the relief requested in Part III.

Dated: November 16, 2026

Roderick Wright

Roderick Wright, pro se
6181 Lake Michigan Drive, #103
Allendale, MI 49401
Phone: (616) 990-9284
Email: wrightiir@yahoo.com
Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 913 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with Fed. R. App. P. 27(d)(1)(E) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman.

Roderick Wright

## CERTIFICATE OF SERVICE

I certify that on November 16, 2026, I filed this motion with the Clerk of the Court by email to CA06_Pro_Se_Efiling@ca6.uscourts.gov and served a copy on counsel for Appellee, Courtney Ann-Taylor Lavender, Plunkett Cooney, by email to clavender@plunkettcooney.com.

Roderick Wright